UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| ARGENIS GARCIA,<br><br>    Plaintiff,<br><br>    v.<br><br>KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security, JOSEPH B. EDLOW, in his official capacity as Director of U.S. Citizenship and Immigration Services (USCIS); TODD LYONS, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement (ICE);<br><br>    Defendants. | Case No. 2:26-cv-0040 |

**COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND MANDAMUS RELIEF**

**INTRODUCTION**

1. Plaintiff Argenis Garcia (A# 247-040-778) is a Dominican national with a pending I-914 Application for T Nonimmigrant Status (Receipt Number EAC2422750795) who faces imminent forced departure from the United States because the government has failed to adjudicate his T Nonimmigrant Status application, coerced him to stipulate to his "voluntary" departure without ever going before an Immigration Judge in removal proceedings, and ignored all attempts by his representatives to withdraw the stipulation on his behalf. If he departs the United States, he will permanently lose eligibility for the immigration relief he seeks. Because ICE has already booked his flight and his involuntary departure could be effectuated as soon as Friday, February 20, 2026, a

motion for temporary restraining order to maintain the *status quo* accompanies this pleading.

2. Mr. Garcia petitions this Court for declaratory, injunctive, and mandamus relief to enter an emergency order prohibiting his transportation outside of the United States pursuant to his withdrawn departure stipulation or any other basis apart from the removal process provided by 8 U.S.C. § 1229(a), and to order the Department of Homeland Security to complete the adjudication of his pending application for T nonimmigrant status without further delay.

3. Absent a temporary order prohibiting the transportation of Mr. Garcia outside the United States, Mr. Garcia's right to seek T nonimmigrant status will be exterminated.

## JURISDICTION

4. This action arises under the Constitution of the United States and the Immigration and Nationality Act (INA), 8 U.S.C, § 1101 *et seq.*

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as a civil action arising under the laws of the United States, and the Mandamus and Venue Act of 1962, 28 USC § 1361. The Court may grant declaratory and injunctive relief pursuant to 28 USC § 2201 *et seq.*, 5 USC § 702, and 28 USC § 1361. The government has waived its sovereign immunity pursuant to 5 USC § 702.

## VENUE

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because this is a civil action in which Defendants are officers of the United States, acting in their official capacity; and Plaintiff Garcia's application for T nonimmigrant status is pending within this District at the United States Citizenship and Immigration Service (USCIS) Vermont Service Center,

located at 38 River Road, Essex Junction, VT 05479-0001. Plaintiff's receipt notices for his T visa application were issued from this address. There is no real property involved in this action.

**PARTIES**

7. Plaintiff is a 36-year-old survivor of labor trafficking from the Dominican Republic. He has a pending Form I-914 Application for T nonimmigrant status based on his status as a victim of labor trafficking in the United States who reported the trafficking to a law enforcement agency. Petitioner is in ICE custody and under the direct control of Respondents and their agents.

8. Defendant Kristi Noem is sued in her official capacity as the Secretary of the Department of Homeland Security (DHS). In that capacity, she is responsible for the administration of the immigration laws pursuant to 8 U.S.C. § 1103. DHS's components include Immigration and Customs Enforcement (ICE) and U.S. Citizenship and Immigration Services (USCIS).

9. Defendant Joseph Edlow is sued in his official capacity as the Director of USCIS, which is responsible for the adjudication of applications for T nonimmigrant status pursuant to the Immigration and Nationality Act, 8 U.S.C. § 1101 *et seq.*

10. Defendant Todd Lyons is sued in his official capacity as the Acting Director of ICE, which is responsible for enforcement and removal operations pursuant to the Immigration and Nationality Act, 8 U.S.C. § 1101 *et seq.*

**FACTUAL ALLEGATIONS**

11. Plaintiff Garcia is a 36-year-old citizen of the Dominican Republic. Mr. Garcia is a victim of labor trafficking and has a pending application for T nonimmigrant status,

including a Form I-914 (Application for T Nonimmigrant Status) and Form I-192 (Application for Advance Permission to Enter as Nonimmigrant).

12. Plaintiff Garcia's trafficker recruited Mr. Garcia to work for him in the United States. Mr. Garcia's trafficker paid to smuggle Mr. Garcia into the United States. In around October 2021, Mr. Garcia entered the United States through the Mexico-Texas border and owed his trafficker a debt of $30,000 for the trip. Mr. Garcia's trafficker confiscated Mr. Garcia's passport upon his arrival.

13. Plaintiff Garcia was trafficked from about October 2021 until July 2022. During this time, Mr. Garcia was subjected to threats of deportation and threats of physical violence by his trafficker, constant surveillance, severe underpayment and significant deductions for debt to his trafficker, and unsafe and unreasonable work demands, including 90-hour work weeks.

14. In around July 2022, Plaintiff Garcia's trafficker retaliated against him for breaking the employment relationship by making a police report with false allegations using Mr. Garcia's confiscated passport in order to have Mr. Garcia arrested. Mr. Garcia was subjected to seven months of imprisonment due to this false report.

15. In March 2023, Plaintiff was released. Plaintiff reported his trafficker to the Philadelphia District Attorney with the help of his public defender. The Philadelphia District Attorney referred Plaintiff to Justice at Work PA for trafficking support.

16. Plaintiff participated in interviews with the Philadelphia District Attorney. The Philadelphia District Attorney signed a I-914 Supplement B and Justice at Work PA filed a T visa application on Plaintiff's behalf on June 3, 2024. Plaintiff's application remains pending with USCIS.

17. Due to his trafficker's influence in Mr. Garcia's home country and the trafficker's threats, Mr. Garcia fears retaliation by his trafficker if he were to return to the Dominican Republic.

18. On February 14, 2026, Plaintiff was arrested at his workplace by local police in Lakeland, Florida. Plaintiff was held at a county jail before being transferred to immigration detention the following day.

19. Over the course of a couple days, Plaintiff was transferred between 4 or 5 different immigration detention centers. Plaintiff was not informed of his exact location. Plaintiff Garcia has also been subject to inhumane conditions in these facilities.

20. During this time, Plaintiff Garcia's information was not made available on the ICE Detainee Locator or EOIR systems.

21. Despite having a pending application for T nonimmigrant status, Plaintiff Garcia was coerced into signing a stipulation for his removal on 2/16. Plaintiff Garcia was threatened by immigration officials with continued imprisonment for months or years if he did not sign the stipulation and that he would be sent to "Alligator Alcatraz". Plaintiff Garcia was not allowed access to legal counsel before signing the stipulation.

22. As of February 16, 2026, Immigration and Customs Enforcement has booked a flight for Mr. Garcia.

23. Justice at Work PA was made aware of Plaintiff's detention on February 16, 2026, but Justice at Work PA was unable to locate Plaintiff for two days.

24. Plaintiff contacted his partner who connected their call with Justice at Work PA on February 18, 2026. Plaintiff Garcia still did not know his exact location, only that he had been taken to Louisiana. Plaintiff Garcia expressed he did not want to take voluntary

departure and signed under duress and would like to remain in the United States to allow for adjudication of his T visa application.

25. Plaintiff Garcia made multiple attempts to withdraw the voluntary departure verbally and in writing but was not given access to immigration officials in order to do so.

26. Plaintiff Garcia was seen for a medical exam on February 18, 2026, and again on February 19, 2026.

27. On February 18, 2026, and on February 19, 2026, Justice at Work PA attempted to contact the Enforcement and Removal Operations office in New Orleans, Louisiana via email and by phone in an attempt to withdraw the stipulation on Plaintiff's behalf and received no response.

28. Justice at Work also emailed a request to withdraw the stipulation on Plaintiff's behalf to the Office of the Principal Legal Advisor on February 19, 2026, with no response.

29. On February 19, 2026, Justice at Work confirmed Plaintiff's detention at Alexandria Staging Facility.

30. On February 19, 2026, Justice at Work PA emailed the Vermont Service Center hotline requesting an emergency review of Plaintiff's case and expedited adjudication based on his current detention and imminent risk of being transported outside the United States.

**CLAIMS FOR RELIEF**

**COUNT I**
**(Petition for Mandamus, 28 U.S.C. § 1361)**

31. Mandamus is available to compel a federal official or agency to perform a duty if: (1) he has a clear right to the relief requested; (2) defendant has a clear, non-discretionary duty to act; and (3) there is no other adequate remedy available. *See* 28 U.S.C. § 1361.

32. Defendants are empowered to instruct USCIS officials to adjudicate Plaintiff Garcia's application for T nonimmigrant status.

33. Plaintiff Garcia has a right to have USCIS adjudicate his pending application for T nonimmigrant status.

34. USCIS has a duty to adjudicate Plaintiff Garcia's T nonimmigrant status application within a reasonable time.

35. USCIS has not adjudicated Mr. Garcia's Form I-914, and he will no longer be eligible for T-1 nonimmigrant status if he leaves the United States; yet Defendants are about to effectuate his departure from the United States against his will and without affording him the legally mandated opportunity to go before an Immigration Judge or to seek release on bond.

36. The failure to adjudicate his application for T nonimmigrant status has deprived Mr. Garcia of his statutory rights under the Immigration and Nationality Act (INA). *See* 8 U.S.C. §§ 1101(a)(15)(T).

37. Further, the failure of USCIS to adjudicate his application for T nonimmigrant status since he has been detained, moved by Immigration Customs and Enforcement (ICE) from detention location to detention location, threatened with years-long detention in inhumane conditions to force him to forego his right to seek relief from removal before an Immigration Judge, and now faces imminent forced departure from the United States despite the efforts of counsel to withdraw his coerced stipulation to depart without response from ICE has deprived Mr. Garcia of the fair proceeding guaranteed by the INA and Due Process Clause. *See Mathews v. Eldridge*, 242 U.S. 319, 335 (1976); *Reno v. Flores*, 507 U.S. 292, 306 (1993); *see also* 8 U.S.C. § 1229a(c)(4).

38. In this case, the private interests at stake are weighty: deportation can result in serious and irreparable injuries. *See, e.g., Delgadillo v. Carmichael*, 332 U.S. 388, 391 (1947); *Padilla v. Kentucky*, 559 U.S. 356, 365 (2010). The harm of being forced to depart against his will is especially severe in the case of Mr. Garcia, who fears retaliation by his trafficker in his home country and is eligible for T nonimmigrant status only if he is physically present in the United States. *See* 8 C.F.R. 214.202(b). Therefore if USCIS does not promptly adjudicate Plaintiff's pending application for T nonimmigrant status, and this Court does not issue an order prohibiting ICE from effectuating his departure from the United States pursuant to the coerced stipulation to voluntary departure in the meantime, he will lose the opportunity to qualify for T nonimmigrant status and faces harm at the hands of his trafficker.

39. For the same reasons, the risk of erroneous deprivation absent improved procedures here is great—again, Plaintiff Garcia faces the loss of the opportunity to benefit from immigration relief to which he is entitled as a survivor of human trafficking who has reported the trafficking to law enforcement.

40. Finally, any government interest in minimizing burdens cannot outweigh the other factors or the government's interest in proper administration of humanitarian immigration benefits for survivors of trafficking who are helpful to law enforcement, and protecting survivors from removal. See, e.g., Oshodi v. Holder, 729 F.3d 883, 896 (9th Cir. 2013) (noting that government's burden is "minimal" where procedural protection "require[s] no process that the government has not already imposed on itself").

41. Pursuing any additional administrative remedy would prejudice Plaintiff, due to the fact that his departure from the United States from the United States may be effectuated as

soon as Friday, February 20, 2026, rendering it futile. This is especially true as Mr. Garcia's underlying claim for immigration relief requires his physical presence in the United States, and involves his fear of harm in his home country as a result of the trafficking.

42. Given that Plaintiff has "no other adequate means to attain the relief he desires," his right to mandamus relief is therefore "clear and indisputable." *Allied Chemical Corp. V. Daiflon, Inc.*, 449 U.S. 33, 35 (1980).

## COUNT II
### (Violation of the Administrative Procedures Act, 5 U.S.C. § 706(1))

43. Plaintiff realleges and incorporates by reference each allegation contained in the preceding paragraphs as if fully set forth herein.

44. The APA mandates that an agency "shall proceed to conclude a matter presented to it" "within a reasonable time." 5 U.S.C. § 555(b). It also grants this Court the power to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

45. Defendants are responsible for overseeing United States Citizenship and Immigration Services (USCIS) and are empowered to instruct USCIS to adjudicate a pending application.

46. Mr. Garcia's application for T nonimmigrant status has been pending with USCIS at the Vermont Service Center for 20.5 months. When Mr. Garcia filed his application, normal processing times were 17.5 months.

47. Although current estimated processing times are 28 months according to USCIS's website, the delay in adjudicating Mr. Garcia's application is unreasonable, that ICE is planning to imminently effectuate his departure from the United States against his will.

As of February 16, 2026, ICE had already purchased a flight for Mr. Garcia to depart the United States.

48. Should Mr. Garcia be forced to depart the United States prior to the adjudication of his application for T nonimmigrant status, he will become ineligible for T nonimmigrant status and ultimately unable to adjust his status to a lawful permanent resident. Due to the delay in processing his T nonimmigrant status application, Mr. Garcia is suffering tremendous harm.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

49. Assume jurisdiction over this matter;

50. Declare that Defendants' acts and omissions complained of herein violate the Due Process Clause, the Immigration and Nationality Act and accompanying regulations, and the Administrative Procedure Act;

51. Order Defendants to instruct USCIS to render a decision on Mr. Garcia's application for T nonimmigrant status;

52. Enjoin Defendants from effectuating Mr. Garcia's departure from the United States against his will pending the adjudication of his application for T nonimmigrant status;

53. Award reasonable costs and attorneys' fees under the Equal Access to Justice Act, and any other applicable statute or regulation; and

54. Grant such further relief as this Court deems just and proper.

Dated: February 20, 2026

Respectfully submitted,

/s/ Kendall Hoechst
Kendall Hoechst, Esq.
Dinse P.C.
209 Battery Street, P.O. Box 988
Burlington, VT  05402
(802) 859-7042
khoechst@dinse.com

Amy Chin-Arroyo, Esq. (PA 330904)*
Lisa Hurlbutt, Esq. (PA 94152)*
Solveig Olson-Strom, Esq. (PA 335802)*
Justice at Work
990 Spring Garden Street, Ste. 300
Philadelphia, PA 19123
(215)-733-0878
achin-arroyo@justiceatworklegalaid.org
lhurlbutt@justiceatworklegalaid.org
solson-strom@justiceatworklegalaid.org


*Pro hac vice motion forthcoming