```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                        DISTRICT OF VERMONT


ARGENIS GARCIA,                    )
                                   )
          Plaintiff,               )
                                   )
     v.                            )    Case No. 2:26-cv-40
                                   )
KRISTI NOEM, IN HER OFFICIAL       )
CAPACITY AS SECRETARY OF THE       )
DEPARTMENT OF HOMELAND             )
SECURITY; JOSEPH B. EDLOW, IN      )
HIS OFFICIAL CAPACITY AS           )
DIRECTOR OF U.S. CITIZENSHIP       )
and IMMIGRATION SERVICES           )
(USCIS); TODD M. LYONS, IN HIS     )
OFFICIAL CAPACITY AS ACTING        )
DIRECTOR, U.S. IMMIGRATION AND     )
CUSTOMS ENFORCEMENT (ICE);         )
                                   )
          Defendants.              )
                                   )
                                   )
```

## **TEMPORARY RESTRAINING ORDER**

Plaintiff Argenis Garcia brings this case pursuant to the Due Process Clause, the Immigration and Nationality Act and accompanying regulations, and the Administrative Procedure Act seeking an order requiring adjudication of his T nonimmigrant status application.  He names Kristi Noem, in her official capacity as Secretary of the Department of Homeland Security, Joseph B. Edlow, in his official capacity as Director of U.S. Citizenship and Immigration Services (USCIS) and Todd M. Lyons, in his official capacity as Acting Director, U.S. Immigration

and Customs Enforcement as defendants.  Petitioner has moved for a temporary restraining order staying his removal from the United States until his T nonimmigrant status case can be adjudicated before this court.  He fears imminent removal from the United States by Defendants.

The court finds on an ex parte basis that Petitioner meets criteria for a temporary restraining order for a limited period of time.  Federal Rule of Civil Procedure 65(b)(1) authorizes the issuance of a TRO upon a showing of:

1.   Facts clearly showing immediate and irreparable injury to the moving party before the Government can be heard in opposition; and

2.   Moving party's efforts to give notice.

Petitioner's removal before adjudication would, upon his representations, effectively prevent him from establishing lawful residence in the United States.  Through his attorney, Petitioner alleges that ICE has booked a flight as of February 16, 2026, and Petitioner believes his departure to be imminent and could be effectuated as soon as February 20, 2026.  Assuming the truth of the statement, there is insufficient time to provide notice and a hearing before issuing a TRO.  Moreover, there would be irreparable harm.

The limited record before the Court supports an initial finding of the factors that would support preliminary relief. These are:

(a)   Likelihood of success on the merits.  In Count Two, Petitioner alleges a delay in the processing of his application for T nonimmigrant status of 20.5 months, which, on the fact of his allegations, is likely to meet APA criteria for unreasonable delay.  Petitioner argues that the length of delay in his case in unreasonable due to his impending removal.

(b)   Removal prior to a decision on Petitioner's T nonimmigrant status application will result in irreparable injury because Petitioner will no longer be able to pursue his application.

(c)   Balance of equities. Petitioner's request is limited to a demand for a decision by the Government on a T nonimmigrant status application.  That is a reasonable request for relief that is not offset on this record by equitable considerations favoring the Government.

(d)   Public interest.  Whatever interest the public may have in Petitioner's immediate removal is offset by the public interest in the prompt and effective application of the laws

concerning such applications and the protection of individuals alleging mistreatment supporting their claims for relief under the T nonimmigrant status program.

For these reasons, the court ORDERS that Defendants shall not remove Petitioner from the United States until the Court rules on the merits of his underlying Complaint and, should Petitioner succeed on the merits, unless and until his pending application for T nonimmigrant status is adjudicated by Defendants.

**Conclusion**

The court ORDERS that Defendants shall not remove Petitioner form the United States until the Court rules on the merits of his underlying Complaint and, should Petitioner succeed on the merits, unless and until his pending application for T nonimmigrant status is adjudicated by Defendants.  This order is valid for 14 days only.  The Court further ORDERS that a status conference on the petition will be held on Monday, February 23, 2026, at 3 p.m.

The clerk of this court shall forthwith serve a copy of the complaint and this Order upon the United States Attorney for the District of Vermont.

DATED at Burlington, in the District of Vermont, this 20th day of February 2026 at 11:13 a.m.

/s/ William K. Sessions III
Hon. William K. Sessions III
U.S. District Court Judge
